[Cite as *Corriveau v. Ohio Dept. of Transp.*, 2010-Ohio-4229.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATTHEW CORRIVEAU

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-02774-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1}  1)  Plaintiff, Matthew Corriveau, filed this complaint against defendant, Department of Transportation (ODOT), alleging that he suffered substantial damage to his 2006 Hyundai Accent as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 315 North in Columbus.  Plaintiff related his vehicle struck a pothole that "was just north of Mount Carmel hospital, under a bridge, in the middle lane" of State Route 315.  Plaintiff recalled the incident occurred on January 22, 2010 at approximately 9:30 p.m.  Plaintiff seeks recovery of damages in the amount of $416.13, the cost of replacement parts and related repair expenses he incurred as a result of his vehicle striking the pothole.  The filing fee was paid.

{¶ 2}  2)  Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Columbus and not ODOT bears the maintenance responsibility for the section of State Route 315 where plaintiff's incident occurred.  Defendant advised ODOT "takes care of SR 315 at Hard Road which is north of this

location."    Defendant stated "[i]n sum, the City of Columbus is responsible for the maintenance of the roadway upon which plaintiff's incident occurred (and) [a]s such, the City of Columbus is the proper party to plaintiff's claim."  The site of the damage incident was not on a roadway area maintained by ODOT.

{¶ 3}   3)    Plaintiff did not respond.

CONCLUSIONS OF LAW

{¶ 4}   Ohio Revised Code Section 5501.31 in pertinent part states:

{¶ 5}   "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶ 6}   The site of the damage-causing incident was not the maintenance jurisdiction of defendant.  Consequently, plaintiff's case is dismissed.

Case No. 2006-03532-AD - 3 - MEMORANDUM DECISION

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATTHEW CORRIVEAU

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-02774-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth above, plaintiff's case is DISMISSED. The court shall absorb the court costs of this case.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Matthew Corriveau                    Jolene M. Molitoris, Director
725 E. Mitchell Avenue               Department of Transportation
Cincinnati, Ohio  45229              1980 West Broad Street
                                     Columbus, Ohio  43223

RDK/laa
4/27
Filed 5/5/10
Sent to S.C. reporter 9/2/10